D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
DAVID K. GOTTLIEB

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:18-bk-12774-MB |
|---|---|
| JOSEPH J. O'DEA, | Chapter 7 |
| Debtor. | NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING 2004 EXAMINATION OF DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TINHO MANG IN SUPPORT |
| | [NO HEARING REQUIRED: LBR 9013-1(P)] |
| | <u>Date of Production</u><br>July 29, 2019 |
| | <u>Deposition</u><br>Date:     July 30, 2019<br>Time:     2:00 p.m.<br>Location: Marshack Hays LLP<br>            870 Roosevelt<br>            Irvine, CA 92620 |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that David K. Gottlieb, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Joseph J. O'Dea ("Debtor"), respectfully files this Motion requesting that the Court enter an Order requiring Debtor to produce the documents

1

identified in Exhibit "1" no later than July 29, 2019, and for Debtor to appear for examination on July 30, 2019, at 2:00 p.m., or at any other date and time as may be agreed upon in writing by the Trustee and Debtor. The examination is requested pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules. It is the duty of Debtor to appear for examination and produce the requested documents.

Respondent is to produce original documents for inspection and copying at the law offices of Marshack Hays LLP, 870 Roosevelt, Irvine, California 92620. If original documents are unavailable, Respondent is to produce, to the best of his or her ability, true and correct reproductions of the original documents. The examination will also take place at the law offices of Marshack Hays LLP, 870 Roosevelt, Irvine, California 92620. The examination will relate to Debtor's financial affairs. This Motion is based upon the accompanying Memorandum of Points and Authorities, Declaration of Tinho Mang and all documents on file in this case.

DATED: July 16, 2019                    MARSHACK HAYS LLP

                                        By: */s/ Tinho Mang*
                                            D. EDWARD HAYS
                                            TINHO MANG
                                            Attorneys for Chapter 7 Trustee,
                                            DAVID K. GOTTLIEB

# Memorandum of Points and Authorities

## 1. Introduction

A Chapter 7 trustee may conduct examinations under FRBP 2004 in order to investigate the debtor's financial affairs. In this case, the Trustee seeks to examine the Debtor regarding his individual retirement accounts and the validity of his claimed exemptions in those retirement accounts. The Trustee respectfully requests that this Court enter an order compelling the Debtor to produce the documents requested and appear for examination.

## 2. Factual Background

On November 15, 2018 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code. On the same day, David K. Gottlieb was appointed as the Chapter 7 trustee of the Estate.

Attached to his petition, Debtor filed sworn bankruptcy schedules and statements.

On January 11, 2019, Debtor filed amended schedules for his Schedule A/B and Schedule C.

As amended, Debtor scheduled an interest in a Vanguard individual retirement account, account number ending in -4882 ("Rollover IRA") with a scheduled value of $322,987.61. Additionally, Debtor scheduled an interest in a Vanguard individual retirement account, account number ending in -8191 ("Roth IRA") with a scheduled value of $139,141.41.

Both the Rollover IRA and Roth IRA were claimed to be fully exempt under California Code of Civil Procedure § 703.140(b)(10)(E).

On March 4, 2019, as Dk. No. 18, the Court entered an Order of Discharge granting a discharge under 11 U.S.C. § 727 to Debtor.

## 3. Legal Argument

### A. Scope of Examination Rule 2004(b) of the FRBP

Rule 2004(b) of the FRBP provides that the scope of examination must relate to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration or the debtor's estate, or to the debtor's right to a discharge." But "[t]he scope of a 2004 examination is 'unfettered and broad' and is akin to a 'fishing expedition.'" *In re Subpoena Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. Proc. 2004*, 461 B.R.

823, 829 (Bankr. C.D. Cal. 2011). An examination under Rule 2004 is proper even if a debtor has already received his discharge. *See, e.g., Vaughan v. Weinstein (In re Vaughan)*, 2016 Bankr. LEXIS 717 at *3 (B.A.P. 9th Cir. 2016). In this case, the Trustee seeks to examine Debtor regarding his individual retirement accounts.

### B. Location of Examination

The Trustee asks that Debtor be ordered to produce the documents identified in Exhibit "1" on or before July 29, 2019, or at any other date and time agreed to in writing by the Trustee and Debtor, at the offices of Marshack Hays LLP, 870 Roosevelt, Irvine, California 92620. The Trustee asks that Debtor be ordered to appear for examination on July 30, 2019, at 10:00 a.m., or at any other date and time agreed to by the Trustee and Debtor, at the offices of Marshack Hays LLP.

The proposed location for the examination in Irvine is within 100 miles from Debtor's address of record which is 600 N. The Strand, Unit 24,[1] Oceanside, CA 92054. Accordingly, an examination at the offices of Marshack Hays LLP is appropriate.

### C. Compliance with LBR 2004-1

Local Bankruptcy Rule ("LBR") 2004-1 provides that:
**(a) Conference Required.** Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.

**(b) Motion.** A motion for examination under FRBP 2004 must be filed stating the name, place of residence, and the place of employment of the entity to be examined, if known. The motion must include a certification of counsel stating whether the required conference was held and the efforts made to obtain an agreeable date, time, place, and scope of an examination or production. The motion must also explain why the examination cannot proceed under FRBP 7030 or 9014.

LBR 2004-1(a-b).

The Trustee and Debtor have conferred, and have mutually agreed that the date of July 30, 2019, is an acceptable date of examination for both parties.

---

[1] Change of address filed by Debtor on April 29, 2019, as Dk. No. 22.

The examination cannot proceed by formal discovery and deposition under FRBP 7030 or FRBP 9014 as there currently are not any contested matters or adversary proceedings involving the Trustee and Debtor in this bankruptcy case.

### D. Certification Pursuant to LBR 2004-1

Undersigned counsel for the Trustee certifies that Trustee's counsel, Tinho Mang, contacted Debtor's counsel and conferred regarding the time, place, and scope of the production of documents sought by this motion, as required by LBR 2004-1. *See* Mang Declaration, ¶¶ 9.

## 4. Conclusion

For all of the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1. Compelling the Debtor to produce the documents identified in Exhibit "1" by July 29, 2019, or any other mutually agreeable date, to Marshack Hays LLP, through United States mail or by electronic copies; and

2. Compelling the Debtor to appear for examination on July 30, 2019, at 2:00 p.m. or any other mutually agreeable date and time, at the offices of Marshack Hays LLP at 870 Roosevelt, Irvine, CA 92620.

DATED: July 16, 2019                MARSHACK HAYS LLP

                                    By: */s/ Tinho Mang*
                                        D. EDWARD HAYS
                                        TINHO MANG
                                        Attorneys for Chapter 7 Trustee,
                                        DAVID K. GOTTLIEB

# Declaration of Tinho Mang

I, TINHO MANG, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5. I am an associate attorney in the law firm of Marshack Hays LLP, attorneys for David K. Gottlieb, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Joseph J. O'Dea ("Debtor").

6. I make this Declaration in support of Trustee's Motion for Order Authorizing 2004 Examination of Debtor.

7. There are currently no contested matters or adversary proceedings involving the Trustee and Debtor in this bankruptcy case.

8. The proposed location for the examination at the offices of Marshack Hays LLP in Irvine is within 100 miles from Debtor's address of record (as amended) which is 600 N. The Strand, Unit 24, Oceanside, CA 92054. In addition to my personal knowledge from living in Southern California, I confirmed the distance with online searches conducted using Google Maps.

9. I contacted debtor's counsel, James Selth, and was informed via e-mail that the afternoon of July 30, 2019 (among other dates) was an acceptable and available date for Debtor's examination.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2019 in Irvine, California.

                                        */s/ Tinho Mang*
                                        TINHO MANG

274773v1/1003-013

EXHIBIT "1"

# EXHIBIT 1

## RULE 2004 EXAMINATION DEFINITIONS AND INSTRUCTIONS

A. <u>Definitions</u>

As used in these Requests, the following terms shall be defined as follows:

1. "DEBTOR" refers to JOSEPH J. O'DEA, the Debtor in Case No. 1:18-bk-12774-MB, a voluntary Chapter 7 case currently pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

2. "BANKRUPTCY CASE" shall mean the Chapter 7 bankruptcy proceeding, initiated on November 15, 2018, Central District of California Bankruptcy Case No. 1:18-bk-12774-MB.

3. "YOU," and "YOUR," shall mean and refer individually to DEBTOR, and all other persons or agents acting on his behalf.

4. "TRUSTEE" shall mean and refer to David K. Gottlieb, in his capacity as Chapter 7 trustee of the BANKRUPTCY CASE, and all other persons or agents acting on his behalf in his capacity as Chapter 7 trustee of this case.

5. "MS. ZAZZI" shall mean and refer individually to Marie Zazzi, the individual whose name appears on various documents previously produced to the TRUSTEE.

6. "ROLLOVER IRA" shall mean and refer to the Vanguard individual retirement account, account number ending in -4882, and all funds or equity holdings therein.

7. "ROTH IRA" shall mean and refer to the Vanguard individual retirement account, account number ending in -8191, and all funds or equity holdings therein.

8. "DOCUMENT" or "DOCUMENTS" mean and refer to any written, recorded (electronically or otherwise), printed, or graphic matter, however produced or reproduced, whether existing in paper format, as ELECTRONICALLY STORED INFORMATION, or otherwise, of any kind or description, including originals, copies, non-identical copies, and drafts and both sides thereof. DOCUMENTS include but are not limited to sound recordings, electronic memoranda, and files with meta data intact (including e-mail or similar electronic messages or memos and word processing, database, and spreadsheet files), photographs, ESI (defined below), and all other tangible things in which words, figures, notations, or sounds are recorded in writing or by any other means,

however denominated, and any such material underlying, supporting, or used in the preparation thereof.

9. "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

10. "COMMUNICATION" means any transmission, relation, or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including ESI (defined below), drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other PERSON acting or purporting to act on behalf of such party.

11. "ELECTRONICALLY STORED INFORMATION" or "ESI" shall include, without limitation, the following:

    a. Information that is generated, received, processed, and recorded by laptop computers, desktop computers, microprocessors, all manner of digital recording devices such as portable cameras and microphones included with smartphones, and other electronic devices;

    b. Internal or external web sites and servers;

    c. Text, subject lines, attachments, contacts, appointments, and all information contained within electronic mail ("e-mail") accounts, whether those accounts are hosted or serviced by a third-party provider such as Google's Gmail, Microsoft Outlook, or Apple Mail;

    d. Any and all communications, posts, text, images, or video messages posted on a public-facing social media service such as Facebook, Google+, Twitter, Instagram, Wordpress, Snapchat, or other social media service, to the extent not protected by federal and state privacy laws;

9
EXHIBIT 1

4819-5815-5894, v. 1

Exhibit "1"
Page 8

  e.  Output resulting from the use of any software program, whether said electronic data exists in an active file, specifying all files that are accessible and stored in a readily usable format (e.g., active, online data; near-line data; offline storage; and archives);

  f.  Activity listings of email receipts and transmittals; and

  g.  All items stored on computer memories, hard disks, solid state drives or hybrid drives, floppy disks, CD-ROMs, DVD-ROMs, Blu-ray disks, magnetic tape, microfiche, USB memory sticks, external hard drives, online "cloud" storage hosted by an external service such as Amazon Web Services, Microsoft OneDrive, iCloud, or a comparable service, the internal flash memory of a smartphone such as an iPhone or Android device, or on any other media for digital data storage or transmittal (e.g., a personal digital assistant such as a Blackberry), and file folder tabs or containers and labels appended or relating to any physical storage device associated with each original or copy of all Documents requested herein.

  12.  "IDENTIFY" shall mean:

  a.  When used in reference to a DOCUMENT, to state the type of DOCUMENT (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian;

  b.  When used in reference to a natural person, to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if applicable, his or her title, employment, and job description. If current addresses are unknown, provide the last known business and residence address; and,

  c.  When used in reference to an entity, to state the name, address, and telephone number of the entity.

B.  <u>Instructions</u>

  1.  <u>Documents Withheld</u>

  If any DOCUMENT is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such DOCUMENT:

  a.  The DOCUMENT'S title, if any;

b. The full legal name, address, and title of the person(s) who prepared the DOCUMENT, who signed it, and over whose name it was sent or issued;

c. The full legal name, address, and title of each person(s) to whom the DOCUMENT was directed;

d. The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties to this ACTION to identify the DOCUMENT;

e. The date the DOCUMENT was first prepared;

f. The full legal name, address, and title of each person(s) who has custody of or control over the DOCUMENT and each copy thereof;

g. The full legal name, address, and title of each person to whom copies of the DOCUMENT were furnished;

h. The number of pages comprising the DOCUMENT;

i. The specific legal or factual basis on which any privilege or other protection is claimed (blanket claims of attorney-client privilege will not be deemed sufficient);

j. Whether any non-privileged or non-protected matter is included in the DOCUMENT, and whether the DOCUMENT can be sufficiently redacted to disclose only non-privileged or non-protected matter;

k. The full legal name, address, and title of each person who has seen or reviewed or is likely to have seen or reviewed the document; and a description of the subject matter of the document YOU consider adequate to support the claim of privilege.

2. <u>Partial Production</u>

Whenever YOU object to a particular request, or portion thereof, YOU must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief and with as much particularity as possible, those portions of the DOCUMENT which are not produced.

/ / /

/ / /

9
EXHIBIT 1
4819-5815-5894, v. 1

Exhibit "1"
Page 10

3. <u>Orderly Response</u>

Please produce DOCUMENTS in such manner with specific reference to which interrogatory, request for production, etc. which the DOCUMENT is responsively produced to. Please produce all DOCUMENTS as they are kept in the usual course of business, organizing, naming, and labeling them to correspond with each Request.

4. <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

5. <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

6. <u>Form of Production</u>

YOU are to produce the requested DOCUMENTS for inspection, copying, or photographing in their original form or legible, accessible electronic reproduction thereof. DOCUMENTS may be produced electronically at YOUR option.

With regard to electronically-stored information, please produce Microsoft PowerPoint presentations containing audio, Microsoft Excel documents containing macros, and Microsoft Access databases in native format. Please produce all other documents produced electronically in native format with metadata intact or in PDF format with metadata intact. Alternatively, DOCUMENTS produced electronically may be produced in TIFF format with standard load files, including .opt image load files and .data metadata load files.

ESI may be provided via CD, DVD, File Transfer Protocol site, portable hard or flash drive, or other reasonably accessible media format. When practicable, please produce hard copy or physical documents in scanned OCR'd PDF format with metadata intact or scanned TIFF format with standard load files, including .opt image load files and .dat metadata load files. Data files

should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use. If the native file format is derived from software not accessible with Microsoft Office applications (or other common applications), please so state in response to the particular Request.

If the Document or information requested is in a computer-readable form and not produced in PDF or TIFF format, please specify the software (including the exact versions and release) used to create the information. Also specify any other software, hardware, or other information such as passwords or user-supplied files that are required or desirable in order to examine and use the information. Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics processing unit, if any, in the event the information contains or requires graphics). Please give the exact name, release, and version of the operating system used on the hardware.

NOTE: IF YOU ARE UNSURE AS TO THE INTENT AND MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS FOR PRODUCTION, YOU ARE HEREBY REQUESTED TO HAVE YOUR ATTORNEY CONTACT ATTORNEYS OF RECORD FOR THE PROPOUNDING PARTY, WHO HEREBY OFFER TO PROVIDE ANY NEEDED ASSISTANCE NECESSARY FOR YOU TO UNDERSTAND THE INTENT AND MEANING OF ANY OF THE FOREGOING THEREBY TO ENSURE THAT THE COURT IS NOT BURDENED BY ANY MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BECAUSE OF ANY UNCERTAINTY OF THE FOREGOING ON YOUR PART.

## DOCUMENTS REQUIRED TO BE PRODUCED

REQUEST FOR PRODUCTION No. 1:

All DOCUMENTS RELATED TO the ROLLOVER IRA for the period from the PETITION DATE to July 2019, including monthly account statements or summaries and transaction histories, if any.

/ / /

/ / /

/ / /

4819-5815-5894, v. 1

REQUEST FOR PRODUCTION No. 2:

All DOCUMENTS RELATED TO the ROTH IRA for the period from the PETITION DATE to July 2019, including monthly account statements or summaries and transaction histories, if any.

REQUEST FOR PRODUCTION No. 3:

To the extent not previously produced, all DOCUMENTS RELATED TO the transfer of funds to the ROLLOVER IRA in December 2014 from a benefit plan administered by Amagansett Realty, Inc., including all correspondence regarding such transfers.

REQUEST FOR PRODUCTION No. 4:

All DOCUMENTS RELATED TO the calculation of YOUR accrued benefits from Amagansett Realty, Inc. which were received in one lump sum distribution around December 2014.

REQUEST FOR PRODUCTION No. 5:

All DOCUMENTS RELATED TO the transfer of funds from YOUR Vanguard brokerage account, number ending in -7464, for the two years prior to the PETITION DATE, including check images or explanation of transfer recipient, including the following transfers:

- March 31, 2017 – Check no. 1030 for $10,000
- January 2, 2018 – Check no. 1026 for $10,000
- January 2, 2018 – Check no. 1027 for $16,642
- January 18, 2018 – Check no. 1028 for $5,000
- January 29, 2018 – Check no. 1030 for $2,500
- February 6, 2018 – Check no. 1031 for $16,877.76
- February 9, 2018 – Check no. 1032 for $11,680
- February 23, 2018 – $10,290.83 transfer of money market funds
- March 20, 2018 – Check no. 1033 for $12,816.50
- April 9, 2018 – Check no. 1034 for $5,242.50
- April 24, 2018 – Check no. 1035 for $5,000
- April 24, 2018 – Check no. 1036 for $5,000
- May 15, 2018 – Check no. 1037 for $5,000

| | |
|---|---|
| 1 | • June 5, 2018 – Check no. 1038 for $2,200 |
| 2 | • June 25, 2018 – Check no. 1040 for $5,000 |
| 3 | • June 26, 2018 – Check no. 1039 for $5,000 |
| 4 | • July 30, 2018 – Check no. 1042 for $8,000 |
| 5 | • August 27, 2018 – Check no. 1043 for $6,000 |

REQUEST FOR PRODUCTION No. 6:

All DOCUMENTS RELATED TO the discrepancy between the scheduled value of the ROLLOVER IRA of $322,987.61 and the balance of $304,114.93 shown as of December 28, 2018.

REQUEST FOR PRODUCTION No. 7:

All DOCUMENTS RELATED TO the discrepancy between the scheduled value of the ROTH IRA of $139,141.41 and the balance of $126,771.54 shown as of December 28, 2018.

REQUEST FOR PRODUCTION No. 8:

All DOCUMENTS RELATED TO and including any estate instruments of Lillian O'Dea, including any DOCUMENT showing the inheritance that the DEBTOR is entitled to receive.

REQUEST FOR PRODUCTION No. 9:

All DOCUMENTS RELATED TO the professional relationship between YOU and MS. ZAZZI related to both YOUR employment at Amagansett Realty, Inc. and MS. ZAZZI's position as trustee or fiduciary over the ROTH IRA funds with Neuberger Berman – including, specifically, an explanation of a power of attorney (P.O.A.) for "M. ZAZZI" for such account.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING 2004 EXAMINATION OF DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TINHO MANG IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 16, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **CREDITOR ASCENTIUM CAPITAL LLC:** Melody G Anderson    mga@replevin.com
- **INTERESTED PARTY:** Christopher D Crowell    ccrowell@hrhlaw.com
- **CHAPTER 7 TRUSTEE:** David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **ATTORNEY FOR DEBTOR:** James R Selth    jim@wsrlaw.net, jselth@yahoo.com;brian@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **UST:** United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **July 16, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**DEBTOR**
Joseph J O'Dea
600 N. The Strand #24
Oceanside, CA 92054

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 16, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**The Honorable Martin R. Barash – via personal delivery**
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 16, 2019 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4830-7581-5836, v. 1